# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GERALD VON TOBEL, | Case No.: 3:17-cv-00161-RCJ-WGC |
| Plaintiff, | **Order** |
| v. | Re: ECF Nos. 36, 37, 38 |
| ISIDRO BACA, et al., | |
| Defendants. | |

## I. BACKGROUND

On July 30, 2019, the court screened Plaintiff's amended complaint (ECF No. 14) and allowed him to proceed with the following claims: (1) Eighth Amendment conditions of confinement/deliberate indifference to safety claim related to sanitation against defendants Brooks, Raymond, Drexler, Hannah and Manning in Count I. (ECF No. 20.) His Eighth Amendment claim alleging deliberate indifference relative to his back condition was dismissed without prejudice. (ECF No. 20.) Service was accepted and an answer filed by Hannah, Manning, Raymond and Brooks. (ECF Nos. 29, 30.) Drexler was recently dismissed without prejudice due to Plaintiff's failure to timely serve him under Federal Rule of Civil Procedure 4(m). (ECF No. 39.) Therefore, this action is proceeding against Hannah, Manning, Raymond and Brooks.

A scheduling order was issued on October 10, 2019, making the discovery deadline January 8, 2020, and the dispositive motions deadline February 7, 2020. (ECF No. 31.) Defendants Brooks, Hannah, Manning and Raymond filed their motion for summary judgment on November 25, 2019, arguing they are entitled to qualified immunity because Plaintiff cannot recover monetary relief from state officials sued in their official capacities (but, curiously, also

seeks dismissal on this basis insofar as defendants are sued in their personal capacities) and he cannot obtain injunctive relief against them; Manning and Hannah had no personal involvement in the alleged deprivation of Plaintiff's constitutional rights; Plaintiff failed to properly exhaust his administrative remedies as to Hannah and Manning; and there was no Eighth Amendment violation. (ECF No. 34.)

The deadline for Plaintiff's response has not yet expired. On December 10, 2019, Plaintiff filed a motion for leave to file a motion for extension of time/motion to strike Defendants' motion for summary judgment (ECF No. 36); motion to amend due to an alleged retaliatory transfer (ECF No. 37); and the motion to extend time/motion to strike Defendants' motion for summary judgment (ECF No. 38). The court will now address each of these motions.

## II. DISCUSSION

**A. ECF No. 36**

Plaintiff filed a motion seeking permission to file a motion for extension of time and to strike Defendants' pending motion for summary judgment. (ECF No. 36.) The motion for extension of time/motion to strike was in fact filed by Plaintiff at ECF No. 38 (addressed below). Unless there is a vexatious litigant order or other case management order requiring Plaintiff to seek leave of court before filing motions, Plaintiff need not seek leave of court in advance of filing motions. Therefore, ECF No. 36 is denied.

**B. ECF No. 38**

Plaintiff has filed a motion that appears to seek an extension of 60 days to respond to Defendants' pending motion for summary judgment, but at the same time asks the court to strike the motion for summary judgment. He states that his discovery and other legal documents in this case, and case 3:17-cv-00022-RCJ-CBC have come up missing during what he alleges was a

retaliatory institutional move. He states that the summary judgment motion was filed in November 25, 2019, and he was "rolled up" on December 2, 2019, and sent to Lovelock Correctional Center (LCC). When he left Northern Nevada Correctional Center (NNCC), he had two legal boxes and one personal box, and when he arrived at LCC and received his property, he was only given one legal box and his one personal box. He also indicates that the motion for summary judgment was filed 30 days before the discovery deadline. He also mentions he has been on lock down, and that it is difficult to navigate the law library system at LCC. (ECF No. 38.)

The motion is granted in part and denied in part. Plaintiff's request to strike the Defendants' motion for summary judgment (ECF No. 34) is **DENIED** as there is no basis for striking the motion. Plaintiff's request for an extension of time to respond to the motion is granted; however, Plaintiff will be given an extension up to and including **January 31, 2020** to file his response to Defendants' pending motion for summary judgment. Defendants' reply brief will be due on or before **February 14, 2020**.

**C. ECF No. 37**

Plaintiff has also filed a motion for leave to amend, referencing a retaliatory transfer from NNCC to LCC. It includes a page titled Count III which asserts a First Amendment retaliation claim. Plaintiff alleges that he was served with a motion for summary judgment in this case on November 26, 2019. Then, on December 2, 2019, he was told to "roll up" and that he was being transferred to LCC. He states that on October 30, he had received confirmation his surgical consultation had been approved for two surgeries, one on each of his hands. He is also being seen by chronic care and taking pain medication related to a failed back surgery. He claims that the move to LCC was obviously in retaliation for his lawsuits by John Keast, Director of Nursing at NNCC, and Warden Baca at NNCC. He also states that when he left NNCC he had two legal boxes

and one personal box as well as a duffel bag. When he arrived at LCC, he received one legal box, one personal box, and a yellow tub with the contents from the duffel bag and his legal work was scattered among the two remaining boxes and a yellow tub. He realized he was missing affidavits, declarations and his interrogatories from this case and case 3:17-cv-00022-RCJ-CBC. (ECF No. 37 at 2.)

Under Local Rule 15-1(a), unless the court orders otherwise, a moving party must attach the proposed amended pleading to the motion seeking leave of court to file an amended pleading. The proposed amended pleading **must be complete in and of itself without reference to the superseded pleading.** Plaintiff's motion for leave to amend contains one page with the proposed Count III, but under Local Rule 15-1(a), Plaintiff must submit a complete proposed pleading that includes all claims and parties against whom the moving party wishes to proceed.

In addition, while leave to amend is to be freely given under Federal Rule of Civil Procedure 15(a)(2), the court need not give leave to amend where doing so is, among other things, futile or the amended complaint would be subject to dismissal. *See Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see also Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Plaintiff is advised that Plaintiff's proposed Count III does not currently state a viable retaliation claim. Plaintiff alleges he was served with a motion for summary judgment in this case on November 26, 2019, and several days later he was told he was being moved to LCC and when he arrived at LCC some of his property was in disarray and he believes that certain legal documents are missing. The defendants in this case are Hannah, Manning, Raymond and Brooks. Plaintiff makes no connection between the motion for summary judgment served by the Defendants in this case and the alleged retaliatory move. He mentions John Keast, director of nursing at NNCC and Warden Baca at NNCC, but does not include allegations

as to how they were involved in his transfer, and importantly, how this is related to the litigation in this case.

For these reasons, Plaintiff's motion for leave to amend is denied without prejudice.

### III. CONCLUSION

(1) Plaintiff's motion for leave to file motions (ECF No. 36) is **DENIED.**

(2) Plaintiff's motion for leave to amend (ECF No. 37) is **DENIED WITHOUT PREJUDICE**.

(3) Plaintiff's motion for an extension of time/motion to strike Defendants' motion for summary judgment (ECF No. 38) is **GRANTED IN PART AND DENIED IN PART** as follows: the motion to strike Defendants' motion for summary judgment is **DENIED**; however, the motion for an extension of time is **GRANTED IN PART**: Plaintiff has up to and including **January 31, 2020** to file a response to Defendants' motion for summary judgment, and Defendants' have up to and including **February 14, 2020** to file their reply brief.

**IT IS SO ORDERED**.

Dated: December 11, 2019.

_____
William G. Cobb
United States Magistrate Judge